WENTWORTH, Judge.
Appellant seeks review of an administrative order by which it is required to repay the Department of Health and Rehabilitative Services (hereinafter “HRS” or “the agency”) for excess Medicaid reimbursements. We affirm the order appealed.
Appellant is a nursing home participating in the Florida Long Term Care Reimbursement Plan, by which Medicaid payments are received as reimbursement for allowed costs. In September and November 1982 HRS furnished appellant with an audit report and management letter indicating that appellant had received Medicaid overpay-ments for fiscal years ending in May 1979 and May 1981. Appellant disputed the audit adjustments and requested a formal hearing pursuant to § 120.57(1), Florida Statutes. Appellant also applied for an interim rate increase applicable between June 1979 and October 1980.
Appellant’s petition for a hearing disputed audit adjustments relating to a pension plan and automobile expenses, and appellant further sought a determination that HRS should be estopped from denying an interim rate increase. The hearing officer, in an order adopted by the agency, declined to address the merits of the estop-pel issue, reasoning that “since the estop-pel question should be raised in conjunction with the rate request ... it is premature to *30 consider that issue.” The hearing officer further noted that appellant’s interim rate request was still pending at the time the petition for a hearing was filed. Although HRS did thereafter act on the rate request prior to the formal hearing, and the parties alluded to the estoppel issue at the hearing, the circumstances presented did not require a determination on the merits thereof. Rather, the agency could permissibly await presentation of the issue at a hearing for which proper application is made.[1]
As to the pension plan and automobile expenses, the burden was upon appellant to show entitlement to the disputed monies. Rule 100-7.481(6), FAC; cf,, Florida Department of Transportation v. JWC Co., Inc., 396 So.2d 778 (Fla. 1st DCA 1981). We find that, on the record presented, HRS was entitled to conclude that appellant did not meet this burden with regard to the challenged audit adjustments. It was therefore not error to require that appellant repay the disputed Medicaid reimbursements.
The order appealed is affirmed.
ERVIN, C.J., and BOOTH, J., concur.

. In the adopted order the hearing officer suggested that appellant should still be entitled to challenge the denial of its interim rate request. In this regard the order references Henry v. State Department of Administration, 431 So.2d 677 (Fla. 1st DCA 1983), and notes that HRS "failed to inform [appellant] of his right to request a hearing, and the time limits for doing so