459 So.2d 398 (1984)
Pacharee K. HASPER, Appellant,
v.
Department of Administration and Department of Labor and Employment Security, Appellee.
No. AW-182.
District Court of Appeal of Florida, First District.
November 9, 1984.
Ben R. Patterson of Patterson & Traynham, Tallahassee, for appellant.
Daniel C. Brown, Tallahassee, for appellee.
*399 MILLS, Judge.
Pacharee K. Hasper appeals from a final order of the Division of Administrative Hearings dismissing her petition challenging the validity of Rule 22SM-1.1-2(2), Florida Administrative Code. We affirm.
In December of 1982, Hasper, who was employed by the Department of Labor and Employment Security (DLES), requested and was granted maternity leave for the period 14 March 1983 through 15 July 1983. She was granted the requested leave by her then Division Director, Katie Tucker. By letter dated 28 February 1983, Ronald Villella, the new Division Director, confirmed to Hasper that her request for maternity leave was granted and advised her that:
We will search for a suitable position to which you can be appointed upon completion of the leave period. If successful, you can be returned from leave of absence to the new assignment. If a suitable position cannot be located, you will be returned from leave of absence for one workday and then separated from the Senior Management. Rule 22SM-1.12.
When Hasper returned to work from her maternity leave on Monday, 18 July 1983, she was terminated. She had previously been told by Villella that her position was needed for a person who had helped with the Governor's re-election campaign. Hasper had achieved an "outstanding" performance evaluation while serving in her Senior Management Service position.
Hasper filed a petition with the Division of Administrative Hearings (DOAH) to challenge the validity of Rule 22SM-1.12(2), Florida Administrative Code, pursuant to Section 120.56, Florida Statutes. The issue before the Hearing Officer was whether that rule constituted an invalid exercise of delegated legislative authority.
By Final Order dated 21 October 1983, DOAH dismissed her petition stating that Hasper had failed to prove that the rule constituted an invalid exercise of delegated legislative authority.
The foregoing is excerpted from the Hearing Officer's findings of fact, which we hereby adopt. Further, we adopt the Hearing Officer's conclusions of law, which state:
CONCLUSIONS OF LAW
In pertinent part, the Department of Administration's Rule 22SM-1.12, Florida Administrative Code, provides as follows:
"(1) An appointee may be separated from the Senior Management Service by any appropriate means, including resignation or retirement initiated by the appointee, or by separation initiated by the employing agency, or if the appointee held permanent status in the Career Service prior to appointment and if authorized by the Career Service rules, by transfer to the Career Service by reinstatement appointment.
"(2) An employing agency is authorized to terminate a Senior Management appointee at any time."
Inasmuch as this Rule was cited both in the letter dated February 28, 1983, and in the letter dated July 18, 1983, as the authority for separating [appellant] from the Senior Management Service, [appellant] is substantially affected by Rule 22SM-1.12, and has standing to challenge its validity pursuant to Section 120.56, Florida Statutes. Contrary to the contention of the [appellee], the fact that the determination reached in this proceeding alone will not result in [appellant's] reinstatement to her former position within the Senior Management Service does not negate her substantial interest in challenging the Rule in question. The Division of Employment Security terminated [appellant], relying upon Rule 22SM-1.12 as its authority. Whether or not that termination was proper is an issue for determination in the proceeding requested pursuant to Section 120.57(1), Florida Statutes. Still, [appellant] has been substantially affected by Rule 22SM-1.12 and is entitled to a declaration of its validity or invalidity.

*400 [Appellant] contends that Rule 22SM-1.12, particularly subsection (2), is contrary to and conflictive with statutory authority inasmuch as it provides for no restriction on the authority of an agency to summarily terminate a senior management appointee.
In creating the Senior Management Service, the Legislature intended to create a system for attracting, retaining and developing highly competent senior-level managers. Section 110.401, Florida Statutes. The Department of Administration was given the authority to adopt and amend rules providing for
"A system which shall provide for an effective method of removing from the service those managers whose performance is inadequate while, at the same time, providing protection from political abuse of employment power." Section 110.403(1)(c), Florida Statutes.

Thus, under the statutory framework, an employee within the Senior Management Service may be removed for inadequate performance or performance which is not reflective of a highly competent senior-level manager, and may not be removed for political reasons.
Rule 22SM-1.12 does not extend, modify or conflict with the statutory language of Chapter 110, Part IV, Florida Statutes. When read in conjunction with the statute which provides its authority, the challenged Rule is susceptible of the construction that an employing agency is authorized to terminate a Senior Management appointee only for reasons of inadequacy of performance or other reasons which do not constitute a political abuse of employment power. The Rule in question does not authorize termination "for any reason." It authorizes termination "at any time." Presumably, that portion of the Rule is simply reflective of the fact that members of the Senior Management Service are exempt from the Career Service System and its procedural protections and time frames upon termination. That portion of the Rule does not authorize termination or separation of a Senior Management Service employee for reasons other than those permitted in Chapter 110, Part IV, Florida Statutes.

The fact that an agency may wrongfully or erroneously apply Rule 22SM-1.12 in any given situation does not invalidate the Rule. The challenged Rule certainly does not mandate an application contrary to or conflictive with the enabling legislation. The remedy for an erroneous application of Rule 22SM-1.12 is a proceeding pursuant to Section 120.57, Florida Statutes, on the issue of whether the agency properly terminated the employee for reasons of inadequate performance and not for political reasons. Just as the outcome of this proceeding could not result in the automatic reinstatement of an employee, the outcome of a Section 120.57 proceeding does not result in an automatic invalidation of the Rule relied upon as authority for termination.
We agree and affirm.
ERVIN, C.J., and ZEHMER, J., concur.