459 So.2d 400 (1984)
Pacharee K. HASPER, Appellant,
v.
DEPARTMENT OF LABOR & EMPLOYMENT SECURITY, DIVISION OF EMPLOYMENT SECURITY, Appellee.
No. AW-183.
District Court of Appeal of Florida, First District.
November 9, 1984.
Rehearing Granted in Part and Denied in Part December 18, 1984.
*401 Ben R. Patterson of Patterson & Traynham, Tallahassee, for appellant.
Sonja P. Mathews, Tallahassee, for appellee.
MILLS, Judge.
Pacharee K. Hasper appeals a final order of the Department of Labor and Employment Security denying her a formal hearing pursuant to Section 120.57(1), Florida Statutes. We reverse.
In December of 1982, Hasper, who was employed by the Department of Labor and Employment Security (DLES), requested and was granted maternity leave for the period 14 March 1983 through 15 July 1983. She was granted the requested leave by her then Division Director, Katie Tucker. By letter dated 28 February 1983, Ronald Villella, the new Division Director, confirmed to Hasper that her request for maternity leave was granted and advised her that:
We will search for a suitable position to which you can be appointed upon completion of the leave period. If successful, you can be returned from leave of absence to the new assignment. If a suitable position cannot be located, you will be returned from leave of absence for one workday and then separated from the Senior Management. Rule 22SM-1.12.
When Hasper returned to work from her maternity leave on Monday, 18 July 1983, she was terminated. Hasper had achieved an "outstanding" performance evaluation while serving in her Senior Management Service Position.
The issue before the court is whether one who is a Senior Management Service appointee is entitled to a formal hearing under Section 120.57(1) upon termination without cause.
Section 120.57(1) provides that a formal hearing be afforded whenever the "substantial interests of a party are determined by an agency." DLES contends that Hasper's substantial interests, within the meaning of the statute, were not affected by her termination.
DLES equates substantial interests under the statute with the due process rights of life, liberty, and property which arise under the Fifth and Fourteenth Amendments to the United States Constitution. DLES argues that when one asserts a substantial interest under 120.57(1), one must also assert a loss of life, liberty, or property. We disagree.
There is no definition of substantial interest in the statute. Nor has this Court or any Florida District Court of Appeal attempted a comprehensive definition. We decline to do so now.
*402 However, we do believe that the legislature intended by the passage of Section 120.57(1) to create a broad avenue of redress for many persons variously situated, and specifically that "substantial interests" contemplates rights not more restrictive but more expansive than those afforded by the predecessor statute which provided redress for "legal rights, duties, privileges or immunities," Section 120.22, Florida Statutes (1973).
We have no doubt that Hasper's substantial interests were affected by her termination from the Senior Management Service.
DLES argues that Hasper has no substantial interest to protect because under Rule 22SM-1.12, Florida Administrative Code, and Section 110.403(1)(c), Florida Statutes, she has no property interest in her Senior Management Service position. See Hasper v. Department of Administration, et al., 459 So.2d 398 (1984).
Because the class of rights encompassed by substantial interests affected is more expansive than the class of rights encompassed by the due process clause, we need not reach the issue in order to decide the case. We expressly do not determine whether Rule 22SM-1.12 and Section 110.403(1)(c) establish for Hasper property rights in her Senior Management Service position.
Notwithstanding that, Hasper is entitled to a fair and impartial hearing conducted by a hearing officer provided by the Division of Administrative Hearings of the Department of Administration pursuant to Section 120.57(1).
We reverse and remand.
ERVIN, C.J., and ZEHMER, J., concur.