MILLS, Judge.
Greynolds Park Manor, Inc. appeals from the dismissal of its petition for the administrative determination of the invalidity of a rule, pursuant to Section 120.56, Florida Statutes (1985). We reverse and remand for further proceedings.
*1158 Greynolds operates a nursing home which serves Medicaid recipients. To obtain reimbursement for those services, Greynolds must submit cost reports to the Department of Health and Rehabilitative Services (HRS), the administrator of Florida’s Medicaid program, by whom they are audited. The audits of Greynolds’ cost reports for the fiscal years ending 31 May 1979 and 31 May 1981 allegedly revealed overpayments to Greynolds of $288,024 in 1979 and $61,258 in 1981. Greynolds requested a Section 120.57 hearing for each fiscal year and also filed the instant Section 120.56 petition, seeking a determination that the “adjustment methodology” used by HRS to determine the overpayments was a rule and, as such, was an invalid exercise of delegated legislative authority.
The Section 120.57 petitions were consolidated for hearing; Greynolds’ motion to consolidate the proceeding with that addressed to the Section 120.56 petition was denied. At the outset of the 120.57 hearing, Greynolds’ counsel stated that “[t]he Medicare adjustment for fiscal year [sic] 1979 and 1981 is not challenged in this proceeding, but the subject of an upcoming rule challenge proceeding.” The hearing therefore addressed only audit adjustments relating to a pension plan and automobile expenses. The final order held that Grey-nolds was required to repay these disputed expenses and was affirmed by this court in Greynolds Park Manor, Inc. v. HRS, 454 So.2d 29 (Fla. 1st DCA 1984).
After the Section 120.57 hearing, Grey-nolds and HRS proceeded with discovery on the Section 120.56 petition. One week pri- or to the scheduled hearing thereon, HRS filed a motion to dismiss on grounds of mootness. The motion alleged that, because the adjustment methodology was no longer used by HRS, its invalidation pursuant to the petition would not affect Grey-nolds in the future. It further contended that the basis for Greynolds’ 120.56 standing, i.e., the way in which the methodology “substantially affected” it, was its operation to create overpayments in 1979 and 1981. Because Greynolds had “withdrawn” its challenge of those over-payments at the outset of the 120.57 proceeding, an invalidation could not result in the return of the money repaid.
At the hearing on the motion, Greynolds argued that it had been “substantially affected” when it was required to repay money under the challenged methodology, and that a challenge to that methodology stood apart from any effort to recover the money. HRS, although conceding that the amounts involved were substantial, reiterated that Greynolds’ “waiver” at the 120.57 hearing forestalled recovery of that money, making the rule challenge moot. In his final order, the hearing officer found that because invalidation of the methodology could not result in recovery of the money paid thereunder, Greynolds was not “substantially affected” and the petition was dismissed.
Section 120.56(1) provides that “[a]ny person substantially affected by a rule may seek an administrative determination of the invalidity of the rule on the ground that the rule is an invalid exercise of delegated legislative authority” (emphasis supplied). The petition herein also requested a determination that the methodology was a rule at all; this is properly within the scope of a Section 120.56 proceeding. See Balsam v. HRS, 452 So.2d 976 (Fla. 1st DCA 1984).
The hearing officer did not dismiss Grey-nolds’ petition because it had been rendered moot; he dismissed it for a failure to demonstrate “substantial effect,” based on a finding that Greynolds was precluded from further relief given a finding of invalidity. The merits of the finding that Greynolds is precluded from further relief need not be determined. The only issue before us is whether, assuming arguendo that no further relief would be available if the methodology were declared invalid, Greynolds is therefore not “substantially affected”? The answer must be no.
In Hasper v. Department of Administration, 459 So.2d 398 (Fla. 1st DCA 1984), appellant’s 120.56 challenge of a rule used by the agency to fire her was dismissed for her failure to prove that the rule constituir *1159 ed an invalid exercise of delegated legislative authority. This court affirmed the dismissal on that ground but, in adopting the hearing officer’s conclusions of law, rejected the agency’s argument that she had no substantial interest in the challenge because invalidation of the rule would not get her job back. The court held that the rule challenge was not the forum in which to litigate her entitlement to the job and that, based on the agency’s reliance on the challenged rule to fire her, she was “substantially affected” and entitled to a determination of its validity or not. Hasper at 399.
Similarly, the rule challenge proceeding herein is not the place in which to litigate Greynolds’ entitlement to recovery of its money. The statute requires only that the petitioner demonstrate that he is “substantially affected” by the rule. There was no dispute that Greynolds was held liable for substantial amounts of money as a result of HRS’s application of the challenged methodology and was “docked” to fulfill that liability. HRS stipulated that the amounts could not form the basis for a “no substantial effect” argument. Therefore, Greynolds has sufficiently established that it was substantially affected by the challenged methodology and is therefore entitled to proceed with its rule challenge petition.
Greynolds’ argument that the motion to dismiss should have been dismissed as untimely filed is without merit, as it has failed to establish that the untimeliness impaired the fairness of the proceedings or the correctness of the action. See G & B of Jacksonville, Inc. v. DBR, 362 So.2d 951, 956 (Fla. 1st DCA 1978). The motion for attorney’s fees is granted, with directions to the agency to set a reasonable fee.
Reversed and remanded.
WENTWORTH and NIMMONS, JJ., concur.