ON MOTION FOR REHEARING
MILLS, Judge.
The Department of Health and Rehabilitative Services moves for rehearing of our opinion herein holding that Greynolds Park was “substantially affected” so as to have standing to file a rule challenge pursuant to Section 120.56, Florida Statutes, despite the possibility that, even if the challenge was successful, Greynolds would not be able to use the ruling to recover money paid under the challenged rule. The Department also moves for rehearing of our grant of Greynolds’ motion for appellate attorney’s fees.
As grounds for rehearing on the merits, the Department contends first that the court misapplied Hasper v. Department of Administration, 459 So.2d 398 (Fla. 1st DCA 1984), in that the affected party in that case had not “waived any rights to a Section 120.57 hearing” as Greynolds allegedly has. This argument is without merit, since our opinion held that “substantially affected” within Section 120.56 did not depend on the availability of further relief. Even if Hasper possessed the right to further relief pursuant to Section 120.57, the court did not depend on that right to find her “substantially affected.”
The Department further contends that we overlooked Montgomery v. Department of Health and Rehabilitative Services, 468 So.2d 1014 (Fla. 1st DCA 1985), wherein it was held that the petitioner had no standing to challenge a proposed rule because “any eventual determination would have no present effect on appellants.” Montgomery involved a challenge to the “workfare” rule, which initially was to be applied statewide. While under that circumstance the appellants had standing, the claim was rendered moot when it became clear that the rule would not be applied to them. The Montgomery court clearly held that, it appellant had been subject to the rule, the challenge would be appropriate.
In this case, there was no dispute that the challenged rule had been applied to Greynolds or that, as a result, substantial financial injury occurred. Montgomery is therefore clearly distinguishable and provides no grounds on which to alter our previous opinion. The motion for rehearing on the merits is accordingly denied.
*1160 However, we grant the motion with regard to our award of appellate attorney’s fees and reverse our previous opinion on that point. The Department correctly points out that Greynolds relied for its motion on Section 120.57(l)(b)9, Florida Statutes, despite the fact that it appealed from an order of the hearing officer pursuant to Section 120.56. Therefore, there was no “agency action which precipitated the appeal” and was a “gross abuse of the agency’s discretion,” as required before attorney’s fees can be awarded under the section cited by Greynolds. Section 120.56 does not authorize appellate attorney’s fees nor is there any general authorization therefor in Section 120.68. Rule 9.400, Fla. R.App.P. requires a motion for appellate fees to state the legal justification therefor and Greynolds has failed to do so in this case.
The motion for rehearing on the merits is denied. The motion for rehearing on the grant of appellate attorney’s fees is granted, and the award thereof in our previous opinion is reversed.
WENTWORTH and NIMMONS, JJ., concur.