# HORTON v DEPARTMENT OF CORRECTIONS
## Case No. 86-4515R
State of Florida, Division of Administrative Hearings

April 24, 1987

### APPEARANCES OF COUNSEL

**Ervin James Horton,** pro se.

**Louis A. Vargas,** General Counsel, Department of Corrections, for respondent.

### OPINION

MICHAEL M. PARRISH, Hearing Officer.

### FINAL ORDER OF DISMISSAL

1. On November 17, 1986, the Petitioner, currently an inmate at

Florida State Prison, filed a Petition For Administrative Review by means of which he purports to seek a determination pursuant to Section 120.56, Florida Statutes, that various rules of the Department of Corrections are invalid exercises of delegated legislative authority. In his original petition the Petitioner's primary focus was on Rule 33-3.07, Florida Administrative Code [since renumbered as 33-3.007], but other portions of the petition appeared to also seek to challenge the following rules: 33-3.02, 33-3.05, 33-3.06, 33-3.081, 33-4.02(9) and (13), 33-22.01(c) and 33-22.03, Florida Administrative Code. A formal hearing was scheduled to be held at Florida State Prison on December 15, 1986.

2. Prior to the scheduled date for the hearing, the reasons which need not be explicated here, functionaries of Florida State Prison confiscated all of the Petitioner's legal materials related to this case (and perhaps other materials as well). The Hearing Officer having been apprised of the confiscation and being aware of the fact that the Petitioner had made no arrangements for witness subpoenas, a telephone conference hearing to discuss the status of this case was scheduled for December 11, 1986.

3. During the course of the telephone conference hearing, the Respondent made an oral motion to require the Petitioner to file a more definite statement, or, alternatively, to dismiss the Petition as insufficient. The Respondent also moved for a continuance on the grounds that the Respondent could not adequately prepare a defense to the original petition due to its lack of specificity. The Petitioner made strongly worded objections to both motions, insisting, among other things, that it would be unfair to require a more definite statement or to continue the hearing. The Petitioner also stated that he wanted his property back and his desire to have certain property returned appeared to be a motivating factor in his insistence that the hearing go forward as scheduled. It was explained to the Petitioner that the issues in this case do not involve the return of his property, but are limited to challenging the validity of one or more rules.

4. The Hearing Officer, have previously read the Petition and have considered the arguments of both parties, advised the parties that the motion for more definite statement and the motion for continuance would both be granted and that a written order would be issued to that effect the next day.

5. Consistent with the foregoing, on December 12, 1986, a written order was issued which included the following observations about the original petition:

267

The Petition in this case fails to comply with . . . the statute [Sec. 120.56(2)] because even given the Petitioner the benefit of many doubts as to how the Petition should be interpreted, it cannot be said with certainty which rules the Petitioner seeks to invalidate. The Petition also fails to "state with particularity" facts sufficient to show the invalidity of any specific rule. Further, it appears that a large number of the matters complained of in the Petition involved allegations to the effect that Department functionaries have applied the rules in an incorrect manner and have failed to follow the rules; which matters are beyond the scope of a proceeding under Section 120.56, Florida Statutes. Finally, many of the allegations of the Petition appear to attempt to raise constitutional issues, which are also beyond the scope of a Section 120.56 proceeding.

6. The dispositive portion of the order of December 12, 1987, included the following:

Upon consideration of all of the foregoing, it is ORDERED THAT:

1. The Respondent's motion for continuance is granted, and the hearing scheduled for December 15, 1986, is hereby continued *sine die*.

2. The Respondent's motion for more definite statement is granted, and the Petitioner is hereby ordered to file a more definite statement or an amended Petition within twenty days from the date of this order.

3. The Petitioner's more definite statement or amended Petition shall contain at least the following information:

(a) A list of each and every rule the Petitioner seeks to challenge on the basis that it is an invalid exercise of delegated legislative authority.

(b) A statement that each rule listed is an invalid exercise of delegated legislative authority.

(c) A plan and simple statement of facts that show the Petitioner is substantially affected by each challenged rule; e.g., a statement of how the rule has been applied to the Petitioner, is being applied to the Petitioner, or is expected to be applied to the Petitioner.

(d) A plain and simple statement of facts that show each challenged rule is invalid.

(e) Any other information the Petitioner believes is necessary to support the challenge to the rules.

4. Any failure to timely file a more definite statement or an amended

petition may result in the issuance of an order dismissing some or all of the Petition in this case.

7. On December 24, 1986, the Petitioner filed an "Amended & Supplement Petition For Administrative Review," which document is dated December 23, 1986. This document is the Petitioner's initial effort at compliance with the order of December 12, 1986. The amended and supplemental petition filed on December 24, 1986, appears to be trying to challenge each of the following rules: 33-3.07, 33-3.05, 33-3.06, 33-3.025, 33-3.125, 33-4.01, 33-402, 33-3.066, 33-302, 33-22.01, and 33-22.03, Florida Administrative Code. In the amended and supplemental petition the Petitioner states that he "seeks review" of the rules listed immediately above. He contends, generally, that they are inconsistent with Article I, Sections 2 and 9, Florida Constitution, and that they conflict with Section 944.09, Florida Statutes, and perhaps also with Section 945.10, Florida Statutes. Further details of the Petitioner's amended and supplemental petition are discussed below along with the details of two more petitions which were filed later. .

8. On January 14, 1987, the Petitioner filed two additional petitions, both dated January 13, 1987. The first of these is titled "Petition for Administrative Review (A3)." It appears to be intended as a challenge to the following rules: 33-3.01, 33-3.04, 33-3.05, and 33-3.06, Florida Administrative Code. In the document titled "Petition for Administrative Review (A3)," the Petitioner asserts, generally, that the cited rules are in conflict with various specified statutory provisions and also have an adverse impact on several of the Petitioner's constitutional rights. The central theme of the document consists of assertions that the subject rules are inadequate, ineffective, and discriminatory. Further details of the document titled "Petition for Administrative Review (A3)" are discussed belong along with the details of the other petitions.

9. The second petition filed on January 14, 1987, is titled "Petition for Administrative Review (B3)." It appears to be intended as a challenge to the following rules: 33-1.02, 33-3.02, 33-6.03, 33-604, 33-6.05. In the document titled "Petition for Administrative Review (B3)," the Petitioner asserts, generally, that the rules are in conflict with A.C.A. standards, with U.S. Department of Justice standards, and are in violation of various constitutional provisions. The central theme of the document consists of assertions that the subject rules are inadequate, invalid, and a denial of due process and equal protection. Further details of the document titled "Petition For Administrative Review (B3)" are discussed below along with the details of the other petitions.

10. With regard to the status of the two petitions dated January 13,

1987, and filed January 14, 1987, the parties were advised as follows by the Hearing Officer's letter of February 17, 1987:

[I]t now appears from Mr. Horton's letter of January 26, 1987, that it was Mr. Horton's intention that those two documents both be treated as new rule challenge petitions and be given new docket numbers. Such intention not being evident at the time of the filing of the documents, they were docketed as further pleadings under Case No. 86-4515R. In order to avoid any unnecessary delay in the disposition of the matters raised by Mr. Horton, rather than go back and redocket the two petitions dated January 13, 1987, those two petitions will be treated as *further* amendments to the "Amended & Supplement Petition For Administrative Review" dated December 23, 1986, and filed on December 24, 1986. For convenience of reference, I suggest that the document marked "A-3" be referred to as "Further Amended Petition A" and that the document marked "B-3" be referred to as "Further Amended Petition B."

This treatment of the January 14, 1987, petitions is consistent with the Petitioner's preference expressed in his letter of January 26, 1987, that those petitions be consolidated with the "Amended & Supplement Petition For Administrative Review" filed on December 24, 1986, ". . . for economical reasons and time."

11. In addition to the documents which have been described thus far in this order, the Petitioner has filed an enormous number of other documents and papers, including briefs, motions, letters, memorandums, grievance forms, affidavits and pleadings from other litigation, copies of pages from books, and many other miscellaneous items. One especially large collection of such papers were filed on January 22, 1987, along with a cover letter dated January 19, 1987, which explained that that particular batch of documents was ". . . for [Exhibit] reasons only." (brackets in original) Many of the documents filed by the Petitioner are difficult to understand and at times virtually unintelligible. In an effort to minimize the confusion occasioned by the nature of, and the enormous volume of, the Petitioner's filings in this case, by letter of February 17, 1987, the Hearing Officer identified all documents filed by the Petitioner which appeared to require further action and by order of that same date the Hearing Officer allowed the Respondent twenty days within which to file any motions or responses directed to those documents.

12. On March 9, 1987, the Respondent filed a Motion To Dismiss. As of the date of this order, there has been no response to the Motion To Dismiss. Respondent's motion to dismiss is addressed to all of the

last three petitions filed by the Petitioner; namely, the "Amended & Supplement Petition For Administrative Review" filed on December 24, 1986, and the two petitions filed on January 14, 1987, which have been referred to as "Further Amended Petition A" and "Further Amended Petition B," referred to collectively hereinafter as "the amended petitions." The Respondent's motion to dismiss raises numerous grounds for dismissal, the first of which is that the amended petitions fail to comply with the specific requirements of the order issued December 12, 1986, requiring that Petitioner file a more definite statement or an amended petition. Those requirements tracked the specific requirements of Section 120.56(2), Florida Statutes. Further grounds set forth in the Respondent's motion to dismiss are to the effect that the Petitioner is attempting to use these amended petitions as a vehicle for obtaining various forms of relief which are not available in a rule challenge proceeding. The Respondent's motion to dismiss also asserts that the allegations in the amended petitions are insufficient to show the Petitioner's standing to challenge any of the rules. And in somewhat broader language the Respondent's motion to dismiss also asserts:

> Respondent remains unable to adequately prepare to defend the challenged rule under the present petition due to its lack of specificity. Respondent is unable to determine the specific allegation of invalidity, how the challenged rule is invalid, how it has been applied to Petitioner, and how it may be applied in the future. Petitioner's pleadings and supplemental motions (sic) thereto remain a rambling, largely indecipherable mass of irrelevancy.

13. Before further addressing the details of the amended petitions, it is helpful to focus attention on the pertinent portion of Section 120.56(2), Florida Statutes, which reads as follows:

> The petition seeking an administrative determination under this section shall be in writing and *shall state with particularity facts sufficient to show the person seeking relief is substantially affected by the rule and facts sufficient to show the invalidity of the rule.* (emphasis added)

14. Careful consideration has been given to all of the Petitioner's allegations in all three of the amended petitions and in so doing the Petitioner has been given the benefit of every reasonable doubt or reasonable inference which could be drawn from his frequent vague or unintelligible assertions. For reasons set out in further detail below, the allegations in the Petitioner's amended petitions fail to comply with the requirements of Section 120.56(2), Florida Statutes, and all three of the amended petitions must be dismissed.

271

15. A careful review of all of the allegations of all three of the amended petitions reveal that the Petitioner's allegations all fall into one or more of the following categories:

(a) Assertions that various disciplinary actions and other actions detrimental to the Petitioner's interests have been taken by prison functionaries, from which actions the Petitioner seeks some form of "appeal" or "review."

(b) Assertions that prison functionaries have failed to follow various rules, have acted in a manner inconsistent with various rules, have violated various rules, and have misapplied the rules.

(c) Assertions that the Petitioner is dissatisfied with the results of his efforts to obtain relief by attempting to use the rules, particularly Rule 33-3.007.

(d) Assertions that some of the rules violate the Petitioner's rights under various provisions of the Florida and United States Constitution.

(e) Conclusionary assertions (without benefit of factual foundation or coherent explication) that various rules are in conflict with various statutory provisions.

(f) Conclusionary assertions (without benefit of factual foundation or coherent explication) that various rules are in conflict with certain standards and requirements other than constitutional or statutory provisions.

(g) Assertions which are irrelevant to the validity of any rule.

(h) Assertions which are simply incoherent and intelligible.

16. Some of the foregoing categories of allegations may be swiftly disposed of. Other require more discussion and perhaps a few examples. It is simply beyond question or debate that assertions which are totally irrelevant to the validity of a rule cannot be a sufficient basis for a rule challenge and do not satisfy the "state with particularity" requirements of Section 120.56(2), Florida Statutes. The same conclusion must surely follow with regard to assertions which are incoherent and unintelligible. The constitutional issues raised by the Petitioner cannot form the basis for a rule challenge petition under Section 120.56, Florida Statutes, because it is well settled that Hearing Officers of the Division of Administrative Hearings are without authority to resolve challenges to the constitutionality of existing rules. See *State Dept. of Administration, Division of Personnel v. Harvey*, 356 So.2d 323 (Fla. 1st DCA 1977), and *Cook v. Florida Parole and Probation Com'n.*, 415 SO.2d 845 (Fla. 2st DCA 1982. Similarly, the basic

concept of a rule challenge proceeding being an inquiry into whether the challenged rule is consistent with *statutory* authorizations and limitations, allegations that a rule fails to conform to certain non-statutory standards are not sufficient bases for a rule challenge petition pursuant to Section 120.56, Florida Statutes.

17. Directing attention now to some of the specific details of the "Amended & Supplement Petition For Administrative Review" filed on December 24, 1986, the second sentence of that document reads as follows:

> Petitioner seeks review of D.O.C. Policy and Procedure, Rules and Regulation *33-3.07, 33-3.05, 33-3.06, 33-3.025, 33-3.125, 33-4.01, 33-4.02, 33-3.066, 33-3.02, 33-22.01(c), 33-22.03* and as shown [illegible], as their inconsistency to the Florida State Constitution, *Art. I, Sec. 2, Sec. 9*, and their systematic *conflict with 33-3.07* effectiveness as an Inmate Grievance as provided by *944.09(2)(a)(c)(d) and 945.10* restrict and *conflict with 944.09*. (Bracketed material added. All other as in original.)

Nowhere else in the December 24 document is there any assertion that any of the above listed rules (other than 33-3.07) is in any was invalid. The most that is said about them in the rest of the document is to briefly describe the nature of some of them and to assert that certain functionaries of the Department of Corrections have failed to follow the rules, have disregarded the rules, or have violated the rules, all to Petitioner's detriment. Assuming for the purposes of this order that those allegations are true, they are matters for which relief must be sought through some vehicle other than a rule challenge petition. But there is no assertion anywhere in the December 24, 1986, document that any of the rules (with the exception of 33-3.07) is an invalid exercise of delegated legislative authority. More to the point, there is also no allegation anywhere in that document of any facts which would show that any of the following rules are invalid: 33-3.05, 33-3.06, 33-3.025, 33-3.125, 33-401, 33-4.02, 33-3.066, 33-3.02, 33-2201(c), 33-22.03. Accordingly the December 24, 1986, amended petition must be dismissed as to all of those rules. The allegations regarding Rule 33-3.07 merit a bit more explication before consigning them to the same fate.

18. Reduced to its essentials, the central theme of the "Amended & Supplement Petition For Administrative Review" is that during his several years of incarceration in facilities administered by the Respondent, the Petitioner has suffered various abuses, indignities, and neglects at the hands of Department of Correction functionaries. The

Petitioner alleges that those abuses, indignities, and neglects were in violation of various rules or resulted from the failure of the functionaries to follow various rules. Petitioner alleges he has tried to seek relief from those improper actions by resorting to the grievance procedure created by Rule 33-3.07 (now renumbered 33-3.007), but that he has always been unsuccessful in those efforts because Rule 33-3.07 is an ineffective and inadequate grievance procedure, primarily because it fails to afford the Petitioner due process and equal protection of law. Although the Petitioner attempts to describe the many ways in which the rule has failed him, other than the general constitutional assault, he never alleges any facts which show that the rule deviates from the authorizing or implemented statutory provisions. The applicable statutory provision is Section 944.09, Florida Statutes, which states, in pertinent part:

(1) The department shall adopt rules governing the administration of the correctional system and the operation of the department which rules shall relate to: . . . .

(d) Grievance procedures which shall conform to Title 42, United States Code, s. 1997e.

19. It is clear from the statutory language quoted immediately above that the Respondent has clear authority to adopt a grievance procedure, as it has done with Rule 33-3.07, Florida Administrative Code. It is also clear that the Legislature has provided a clear guide as to the standards that such a grievance procedure must conform to. In this regard, it is important to observe that nowhere in the December 24 amended petition is there even a bare allegation that Rule 33-3.07 fails to conform to Title 42, United States Code, Section 1997e, nor is there any factual assertion that any particular portion of Rule 33-3.07, Florida Administrative Code, deviates from any particular provision of the applicable section of the United States Code. Accordingly, the Petitioner's challenge to Rule 33-3.07 must also be dismissed.

20. Addressing now the details of the first of the two further amendments filed on January 14, 1987, the "Petition For Administrative Review (A3)" attempts to challenge four rules, 33-3.01, 33-3.04, 33-3.05, and 33-3.06. Although the Petitioner makes the unadorned contention that several of these rules conflict with several specified statutory provisions, he never alleges any facts that are sufficient to show that any such conflict exists. Comparison of the text of the rules with the text of the statutes reveals no conflict. As with the amended petition filed on December 24, 1986, the principal contention appears to be that the challenged rules have been applied to Petitioner with

274

consequences he dislikes and his primary challenge is based on an assertion of violation of various constitutional rights. Illustrative of this posture is the following from the second page of the January 14, 1987, documents designed "(A3)":

> Petitioner seek review of these D.O.C. Rules and Regulations base on their Inadequate, Ineffective and Discrimination on the Petitioner's *First, Fifth, Sixth, Eighth, Fourteenth* Amendment Rights of the U.S. Constitution, and that they conflict with *Florida Constitution Art. I, Sec. 2 and 9, and* Florida Statutes *944.09(2)((a)(c) and (d).* (emphasis in original)

The Petitioner having failed to allege any facts sufficient to show that the challenged rules are inconsistent with any statutory provision and the constitutional claims being beyond the scope of a Section 120.56 proceeding, the challenges to Rules 33-3.01, 33-3.04, 33-3.05, and 33-3.06 in the "Petition For Administrative Review (A3)" filed on January 14, 1987, must be dismissed as insufficient.

21. Turning, finally, to the details of the last of the two further amendments filed on January 14, 1987, the "Petition For Administrative Review (B3)" attempts to challenge five rules, 33-1.02, 33-3.02, 33-6.03, 33-6.04, 33-6.05. As with the other amended petition filed on January 14, 1987 (see paragraph 20, above), the Petitioner makes the unadorned contention that several of these rules conflict with several specified statutory provisions, but he never alleges any facts that are sufficient to show that any such conflict exists. As with the last petition discussed in the immediately preceding paragraph, comparison of the text of the rules with the text of the statutes reveals no conflict. And, as with both of the previously discussed amended petitions, the principal contention in this final further amended petition appears to be once again that the challenged rules have been applied to Petitioner with consequences he dislikes and his primary challenge is based on an assertion of violation of various constitutional rights. Illustrative of this posture is the following from the first and second pages of the January 14, 1987, document designated "(B3)":

> Petitioner seek review of *D.O.C. 33-6.03, 33-604, 33-6.05, 33-3.02, 33-1.02,* and *the inadequacy, invalidness* and the systematic denial of due process and equal protection. Petitioner seek review of the D.O.C. and Florida Administrative Code, *inadequate, ineffective,* discriminating and denial of equal protection and conflict *with A.C.A. standards,* and inconsistent to the *U.S. Department of Justice standards* for *inmate grievance.* (emphasis in original)

As discussed above, the Petitioner's constitutional arguments cannot be

275

resolved in a Section 120.56 rule challenge proceeding and his other assertions totally lack any allegation of fact sufficient to show that any of the challenged rules are invalid exercises of delegated legislative authority. As with all the other challenges discussed in prior paragraphs, the challenges to Rules 33-1.02, 33-3.02, 33-603, 33-6.04, and 33-6.05 in the "Petitioner For Administrative Review (B3)" filed on January 14, 1987, must be dismissed as insufficient.

22. With regard to the majority of the rules the Petitioner seeks to challenge in the three amended petitions, rules which he contends have been misapplied or ignored by functionaries of the Department of Corrections, it is also instructive to note the decision in *Hasper v. Dept. of Administrative and Dept. of Labor and Employment Security,* 459 So.2d 398 (Fla. 1st DCA 1984). There the court quoted with approval the following language from the hearing officer's order:

> The fact that an agency may wrongfully or erroneously apply [the] Rule . . . in any given situation does not invalidate the Rule. The challenged Rule certainly does not mandate an application contrary to or conflictive with the enabling legislation. The remedy for an erroneous application of [the] Rule . . . is a proceeding pursuant to Section 120.57, *Florida Statutes.* . . .

Even though Section 120.57 proceedings are not available to prisoners, the conclusion in *Harper,* supra, is nevertheless applicable because alternative procedures are available through the normal grievance procedures provided by Rule 33-3.007, Florida Administrative Code. See *Harris v. Department of Corrections,* 11 FLW 2502 (Fla. 1st DCA 1986).

23. Equally applicable here are the following observations of the hearing officer in the recent case of *Harvey Jackson v. Department of Corrections,* DOAH Case No. 86-3889R (Final Order issued February 12, 1987):

> That which must be remembered and that which is so often forgotten, is that these rules are designed to govern the operation of penal institutions not only for the benefit of te prisoners, but also for the effective management of the institution and the protection of society. So long as the minimum requirements of due process are met, the approval of the inmate or his satisfaction with the result of action taken under a rule is not controlling and not required.

24. For all of the reasons set forth above, it is concluded that the Petitioner has failed to comply with the requirements of Section 120.56(2), Florida Statutes, that his petitions ". . . state with particu-

276

larity facts sufficient to show the person seeking relief is substantially affected by the rule . . .," as well as ". . . facts sufficient to show the invalidity of the rule." Accordingly, it is ORDERED:

That for the reasons set forth above, the Motion To Dismiss is GRANTED, the relief requested by the Petitioner is DENIED, and all of the petitions filed in this case, including specifically the original Petition For Administrative Review filed on November 17, 1986, the "Amended & Supplement Petition For Administrative Review" filed on December 24, 1986, and the two petitions titled "Petition For Administrative Review (A3)" and "Petition for Administrative Review (B3)" filed on January 14, 1987, are hereby DISMISSED.

DONE AND ORDERED this 24th day of April, 1987, at Tallahassee, Florida.