PER CURIAM.
Appellants, licensed long-term care facilities, appeal final orders of the Department of Health and Rehabilitative Services denying their request for formal administrative proceedings under section 120.57(1), Florida Statutes.
The department notified appellants of their Medicaid reimbursement per diem rate, effective January 1, 1990. The rate had been frozen at the December 31, 1989 level pursuant to Rule 10C ER89-21 and Rule 10C-7.0482, Florida Administrative Code. Appellants filed petitions requesting a formal administrative hearing, contesting the department’s alleged unlawful rate determination, and requesting monetary relief. By final order, the department denied appellants’ request for a hearing, asserting that appellants’ petitions constituted a chai- *343 lenge to its rule implementing the rate freeze, and that such challenges cannot be heard in a section 120.57(1) or (2) administrative hearing. We reverse.
To be entitled to a section 120.57 hearing, a party must establish that its substantial interest has been affected by agency action. To accomplish this, a party must show (1) that he will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and (2) that his substantial injury is of the type or nature which the proceeding is designed to protect. Agrico Chemical Co. v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981), rev. denied, 415 So.2d 1359 (Fla.1982). Appellants’ petitions demonstrate that their substantial interests have been affected by agency action. They are seeking monetary relief which is not available in a section 120.56 proceeding. Greynolds Park Manor v. Department of Health and Rehabilitative Services, 491 So.2d 1157 (Fla. 1st DCA 1986). Even if, as the department argues, the validity of Rule 10C-7.0482 may have to be questioned in a rule challenge proceeding in order to finally determine appellants’ entitlement to the relief sought, nothing precludes appellants from filing a rule challenge in conjunction with their 120.57 proceeding, and thereafter requesting either a consolidation of the proceedings, or a stay of the 120.57 proceeding until the rule challenge is resolved.
There is no authority for the department’s position that appellants must exhaust their rule challenge before they can properly request a 120.57 proceeding. Further, contrary to the position urged by the department in oral argument before this court, it would have been impracticable, if not impossible, for appellants to have sought a 120.56 rule challenge proceeding and have it resolved before they were required to file a timely petition for a 120.57 proceeding. (See, Model Rule 28-5.111, Florida Administrative Code, which requires that persons requesting a 120.57 proceeding file their petition within twenty-one days of receipt of the written notice of the agency decision, and Department of Health and Rehabilitative Services Rule 10-2.031, Florida Administrative Code, adopting this model rule of procedure.)
REVERSED and REMANDED for proceedings consistent with this opinion.
SMITH, NIMMONS and MINER, JJ., concur.