ERVIN, Judge.
Appellant, A.W. Lee, Jr., assails the validity of a final order entered by appellee, the Department of Transportation (Department), which found that four outdoor advertising signs owned by appellant had lost their nonconforming status, because they were void of advertising for a period in excess of one year, pursuant to Florida Administrative Code Rule 14-10.007(2)(e), and were therefore illegal, necessitating their removal. The sole argument raised by appellant is that rule 14-10.007(2)(e) lacks statutory authority. We decline to consider appellant’s argument in that it was not properly raised, and, because there is competent, substantial evidence (CSE) in the record to otherwise support the Department’s order, we affirm.
The underlying action was commenced by the Department’s service of notices of violation on appellant as to the signs in question, alleging violations of Chapter 479, Florida Statutes (1989), and Florida Administrative Code Chapter 14-10, requiring their removal. Appellant requested, and was granted, an administrative hearing before a Department of Administrative Hearings (DOAH) hearing officer under Section 120.57, Florida Statutes (1989). At the hearing a property and outdoor sign inspector employed by the Department testified that the signs were nonconforming as they were located less than 1500 feet from permitted signs. Additionally, he testified that based upon his weekly inspections, all four signs had been void of any advertising for over 12 months. He explained that the signs were illegible.
Following the hearing, appellant submitted a proposed recommended order in which he raised for the first time the issue that rule 14-10.007(2)(e) could not be enforced against him because the rule lacked statutory authority. The DOAH hearing officer rejected appellant’s argument that the rule was invalid, stating that he was without authority to consider a rule chai- *804 lenge in a section 120.57 hearing. The hearing officer considered himself bound to accept the rule as valid, because appellant had failed to file a rule challenge under Section 120.56, Florida Statutes (1989). He therefore concluded that the signs had lost their nonconforming status by being void of advertising for 12 months or longer, and because the signs violated the 1500-foot spacing requirement provided in Section 479.07(9)(a)(l), Florida Statutes (1989), and Florida Administrative Code Rule 14-10.-006(l)(b)(4), they were therefore illegal, and appellant was required to remove the signs in accordance with Section 479.105, Florida Statutes (1989). Appellant’s exceptions to the recommended order, including his renewed argument that rule 14-10.007(2)(e) was invalid for lack of statutory authority, were rejected, and the Department adopted the recommended order in its final order, thus requiring appellant to remove the signs.
A party is not foreclosed from initiating a rule challenge under section 120.56 and consolidating it with a section 120.57 enforcement proceeding. See, e.g., United Health, Inc. v. Department of Health & Rehab. Servs., 579 So.2d 342, 343 (Fla. 1st DCA 1991); Department of Revenue v. U.S. Sugar Corp., 388 So.2d 596, 597 (Fla. 1st DCA 1980). Appellant, however, having failed to initiate a rule challenge under section 120.56 or argue the rule’s invalidity until after the evidentiary hearing, when he submitted his proposed recommended order, did not “regularly present[] [the rule challenge] with [his] other grievances under 120.57.” State ex rel. Dep’t of Gen. Servs. v. Willis, 344 So.2d 580, 592 (Fla. 1st DCA 1977). See also St. Joe Paper Co. v. Department of Natural Resources, 536 So.2d 1119, 1122 (Fla. 1st DCA 1988). We therefore expressly decline to reach the question of the rule’s validity. ’
Assuming that rule 14-10.007(2)(e) is valid, it is axiomatic that an agency’s construction of the statutes it administers and its rules should be given great weight and should not be overturned unless such construction is clearly unauthorized or erroneous. PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla.1988); Florida Citrus Comm’n v. Golden Gift, 91 So.2d 657, 660 (Fla.1956) (en banc). Because there is CSE in the record supporting the Department’s determinations that the signs had lost their nonconforming status by being illegible for 12 months or longer and were therefore illegal, we affirm the order requiring their removal. § 120.68(10), Fla. Stat. (1989); McDonald v. Department of Banking & Fin., 346 So.2d 569, 578 (Fla. 1st DCA 1977) (reviewing courts are required to sustain an agency’s findings if supported by CSE).
AFFIRMED.
BOOTH and ZEHMER, JJ., concur.