KAHN, J.
By this original proceeding, petitioners assert their entitlement to proceed under section 120.569(2), Florida Statutes (2005). They complain that respondent, the Department of Management Services (“Department”), had no discretion to dismiss their petition for formal administrative hearing. We find that the Department had a clear legal duty to comply with the provisions of section 120.569(2) and, accordingly, grant the relief sought by petitioners, which is a writ of mandamus.
Petitioners are 28 charities or umbrella organizations that participated in the 2006 Florida State Employees’ Charitable Campaign. Dissatisfied with certain decisions regarding allocation of “undesignated funds,” petitioners initiated proceedings under Florida’s Administrative Procedure Act, Chapter 120, Florida Statutes (2005). The Department dismissed the initial petition as legally insufficient. Petitioners then filed an amended petition for a formal administrative hearing. In that filing, petitioners asserted their entitlement to receive undesignated funds, alleging that the Department had made improper factual determinations when deciding that petitioners were not entitled to such funds. Petitioners challenged, as well, the Department’s exercise of delegated authority, including whether the Department improperly delegated or subdelegated the design of campaign materials and allocation of undesignated funds. Petitioners also challenged the Department’s rule defining “direct services,” and further claimed that the Department had improperly relied upon non-rule policy in its oversight of the charitable campaign. The Department dismissed the petition without prejudice, stating “[t]o the extent your amended petition could be construed as a rule challenge, filing of the Amended Petition with the Department was improper ... [and it should have been] filed with the Division of Administrative Hearings.”
Mandamus will lie only where the petitioner shows it has “a clear legal right *374 to the requested relief,” and correspondingly, that respondent has “an indisputable legal duty to perform the requested action.” Jackson v. Fla. Dep’t of Corr., 790 So.2d 381, 386 (Fla.2000). We must decide, then, whether petitioners have a clear legal right to proceed on the petition, as filed, and whether the Department has a legal duty to act on the petition pursuant to sections 120.569(2)(a) and 120.569(2)(c), Florida Statutes (2005).
Under section 120.569(1), any party whose substantial interests are determined by an agency, and who raises by petition a disputed issue of material fact, has a right to a formal administrative hearing. By its terms, the statute allows an aggrieved party to file a petition with the appropriate agency, “[ejxcept for any proceeding conducted as prescribed by s. 120.56.” § 120.569(2)(a), Fla. Stat. (2005). The Department argues that because petitioners have challenged a rule, a proceeding countenanced by section 120.56, they may not proceed by the present consolidated petition and, instead, must file separate actions.
Contrary to the Department’s argument, this is not simply a proceeding as prescribed in section 120.56. Although petitioners have challenged a rule, they have ostensibly brought this proceeding under 120.57(1), Florida Statutes (2005). We have previously ruled that “nothing precludes ... a rule challenge in conjunction with [a] 120.57 proceeding.” United Health, Inc. v. Dep’t of Health & Rehab. Servs., 579 So.2d 342, 343 (Fla. 1st DCA 1991). Accordingly, petitioners’ inclusion of a rule challenge, along with the allegation of factual disputes entitling them to an adjudicatory hearing, does not free the Department from the requirements of section 120.569.
Under that statute, an agency must, within 15 days of receipt, grant or deny a request for hearing. § 120.569(2)(a), Fla. Stat. (2005). An agency may dismiss a petition only if it articulates with particularity its reasons for doing so. § 120.569(2)(c), Fla. Stat. (2005). Our review of the agency order confirms that the Department here declared the amended petition legally insufficient for failing to meet the requirements of the rules concerning the form of the petition. See Fla. Admin. Code R. 28-106.201 (2005). The petition does, however, comply with the pleading requirements. Apparently, then, petitioners’ inclusion of a rule challenge constitutes the Department’s sole reason for refusing to proceed on the petition. As we have noted, this reason is not sufficient.
Although a rule challenge is filed with the Division of Administrative Hearings (“DOAH”), the same result may be accomplished here by requiring the Department to forward the petition to DOAH. Under the rule challenge statute, the DOAH, upon receipt of a petition, must immediately forward copies to the agency whose rule is challenged. See § 120.56(l)(c), Fla. Stat. (2005). Here, the clear intent of the statute has been satisfied because the Department has already received notice of the rule challenge as well as of the substantial interest challenge which, of course, must be filed with the agency. See § 120.569(2)(a), Fla. Stat. (2005). As this court long ago observed, the legislative purpose of section 120.57 is “to avoid any appearance of requiring a substantially affected party to initiate duplicative 120.54 or .56 proceedings if his rule challenge is regularly presented with other grievances under 120.57.” Dep’t of Gen. Servs. v. Willis, 344 So.2d 580, 592 (Fla. 1st DCA 1977). Here, a bifurcation of proceedings would waste public resources and could well result in a duplication of effort.
For the reasons stated in this opinion, we GRANT the writ. We instruct the *375 Department to comply with the provisions of sections 120.569(2)(a) and 120.569(2)(c), Florida Statutes (2005).
LEWIS and HAWKES, JJ„ concur.